IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY HICKMAN,<br>          Petitioner<br><br>    vs.<br><br>BRIAN COLEMAN, Superintendent of<br>SCI-Fayette; and THE COMMONWEALTH<br>OF PENNSYLVANIA,<br><br>          Respondents | Civil Action No. 10-148<br>District Judge Alan N. Bloch/<br>Chief Magistrate Judge Amy Reynolds Hay |

## REPORT AND RECOMMENDATION

Recommendation

It is respectfully recommended that the habeas petition, ostensibly filed pursuant to 28 U.S.C. § 2241, be dismissed and, to the extent one is needed, that a certificate of appealability be denied.

Report

Larry Hickman ("Petitioner"), a state prisoner, (DOC ID No. AJ-2188), was convicted on June 22, 1988, of several counts of robbery via a negotiated plea deal and is now serving an aggregate sentence of 25 to 50 years in SCI-Fayette. His theft and robbery convictions were obtained in Allegheny County at Common Pleas Court docket Nos. CC1988-2127; CC1988-2128; CC1988-3245; CC1988-2132; CC1988-3246, CC1988-3317; CC1988-2165; CC1988-3320; CC1988-2167; CC1988-2239; CC1988-3218; CC1988-2130; CC1988-2131; and CC1988-3677, of which this Court takes judicial notice. He was sentenced on August 16, 1988. Since that time, Petitioner has filed at least four PCRA petitions in the state courts and five pro se state habeas corpus petitions. The Court takes further judicial notice of the fact that Petitioner has previously filed three habeas petitions pursuant to Section 2254 in this Court, which challenged the very same convictions as he challenges herein, the most recent of which was Hickman v.

Wolfe, No. 02-893 (W.D. Pa.). The Court also takes judicial notice of the fact that after the third habeas petition was dismissed, Petitioner did attempt to seek leave from the Court of Appeals to file another Section 2254 habeas petition but was denied. In re Larry Hickman, No. 03-4598 (3d Cir. Order denying leave filed 1/21/04). More than five years later, Petitioner filed what purported to be a Section 2241 habeas petition, challenging the validity of these very same robbery and theft convictions that were subject to the previous Section 2254 habeas petitions. Hickman v. Coleman, No. 09-CV-160 (W.D. Pa.). The Report in that case recommended pre-service dismissal because the Section 2241 petition was in reality yet another Section 2254 petition and that Petitioner failed to show that he was entitled to use Section 2241 by coming within the so-called Dorsainvil exception. See id. (Dkt. [2] filed April 6, 2009). Over his objections, the District Judge accepted the Report and Recommendation and dismissed the petition. Id. (Dkt. [4] filed 4/30/09). Petitioner filed a notice of appeal to the Third Circuit Court of Appeals, which treated it as a request for a certificate of appealability and denied it, holding that "The foregoing request for a certificate of appealability is denied, as jurists of reason could not debate that the District Court correctly dismissed Hickman's § 2241 petition as a second or successive § 2254 petition filed without previous authorization from this Court. See 28 U.S.C. § 2244(b)." Hickman v. Coleman, No. 09-2464 (3d Cir. Order filed 8/21/09). On September 2, 2009, Petitioner filed a petition for rehearing en banc. The Court of Appeals denied that petition on December 29, 2009.

With the ink barely dry on that decision by the Court of Appeals, Petitioner has again filed what purports to be a Section 2241 petition, attacking the very same convictions as he has unsuccessfully attacked innumerable times previously. Because Petitioner has not carried his burden to show that this petition is properly filed as a Section 2241 petition, and because it is, in

fact and law, a second or successive Section 2254 petition, the petition is jurisdictionally improper and must be dismissed as such. In an effort to preserve scarce judicial resources, the Court attaches hereto as an appendix the Report from No. 09-160 and relies on the rationale therein to recommend dismissal of the instant petition herein. There is no substantial difference between the "Section 2241 petition" filed in No. 09-160 and the "Section 2241 petition" he has filed in the instant case. Hence, the rationale provided in the prior report applies with equal force to the instant filing.

To the extent that Petitioner would need one, a certificate of appealability should be denied because jurists of reason would not find it debatable that the instant case is not properly a Section 2241 petition but is, in reality, a second or successive 2254 motion for which he needs the Court of Appeals' permission to file.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation, a copy of which docket entry is being mailed to Plaintiff along with the Report. Failure to timely file objections may constitute a waiver of any appellate rights. Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.

                Respectfully submitted,

                */s/  Amy Reynolds Hay*
                United States Magistrate Judge

Dated: 21 April, 2010


cc: The Honorable Alan N. Bloch
   United States District Judge

Larry Hickman
AJ-2188
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450