IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY HICKMAN,<br>    Petitioner<br><br>vs.<br><br>BRIAN COLEMAN, Superintendent of<br>SCI-Fayette; and THE COMMONWEALTH<br>OF PENNSYLVANIA,<br><br>    Respondents | Civil Action No. 10-148<br>District Judge Alan N. Bloch/<br>Chief Magistrate Judge Amy Reynolds Hay |

## **MEMORANDUM ORDER**

The above-captioned pro se habeas corpus petition, ostensibly filed pursuant to 28 U.S.C. § 2241, was received by the Clerk of Court on February 1, 2010, and was referred to United States Chief Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

The Chief Magistrate Judge's Report and Recommendation, Dkt. [2], filed on April 22, 2010, recommended that the petition be dismissed because it really was a second or successive Section 2254 habeas petition and further recommended that a certificate of appealability be denied. Service was made on the Petitioner at his place of confinement. The Petitioner was informed that in accordance with the Magistrate Judges Act, 28 U.S.C.§ 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, that he had a specific period of time in which to file his objections. Petitioner filed his objections. Dkt. [5].

None of the objections merits rejection of the Report nor extended comment. Although not entirely clear, Petitioner appears to contend that he comes within the Dorsainvil exception because of an intervening change in the law, namely, either the federal Supreme Court's decision in McNally v. United States, 483 U.S. 350 (1987)(which addressed and construed the federal mail fraud statute) or the Congressional act that legislatively overruled the McNally decision.

See Dkt. [5] at 3 to 5. First, we note that the relevance of a change in the federal criminal statute of mail fraud escapes this Court. Petitioner was charged under a Pennsylvania criminal statute and he points to no intervening change in the construction of the statutes under which he was convicted. Hence, his situation is not at all analogous to Dorsainvil. Second, even if McNally were somehow relevant, McNally was decided in 1987 **before** Petitioner was convicted on June 22, 1988 of the crimes he seeks to challenge herein. Thus, again, unlike in Dorsainvil, the McNally decision cannot constitute an intervening change in the law within the contemplation of Dorsainvil, because the McNally decision occurred before Petitioner was convicted. Third, even conceding that Congress may have legislatively reversed the McNally decision in October 1988, and such constituted an intervening change in the law, such would constitute a change in a statute that was in no way related to the Pennsylvania criminal statutes under which Petitioner was convicted. Thus, we agree with the Chief Magistrate Judge that Petitioner simply has failed to carry his burden to show that he comes within the Dorsainvil exception so as to permit him to proceed via Section 2241 in order to attack he State convictions.

Any other objection not specifically addressed herein is deemed to have been adequately addressed in the Report.

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation and objections, the following order is entered:

AND NOW, this 30th day of June, 2010;

**IT IS HEREBY ORDERED** that the Petitioner's habeas petition, ostensibly filed pursuant to Section 2241, is dismissed for lack of subject matter jurisdiction because it is, in law and in fact, a second or successive Section 2254 habeas petition. A certificate of appealability is DENIED.

2

**IT IS FURTHER ORDERED** that the Report and Recommendation, Dkt. [2], filed on April 22, 2010 by Chief Magistrate Judge Hay, is adopted as the opinion of the Court. Any other pending motions are DENIED as moot. The Clerk is to mark the case closed.

Petitioner is advised that he has the right for thirty (30) days to file a notice of appeal from our order denying his petition, see 28 U.S.C. § 2253(a); Fed. R.App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. See Federal Rule of Appellate Procedure 22(b)(1).

_____
Alan N. Bloch
United States District Judge


cc: The Honorable Amy Reynolds Hay
Chief United States Magistrate Judge


Larry Hickman
AJ-2188
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450